UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1998A12235 |
|---|---|---|
| vs. | § § § | |
| Anthony S. Heath | § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 18498 Lauder, Detroit, Michigan 48235.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $608.07 |
| B. Current Capitalized Interest Balance and Accrued Interest | $656.22 |
| C. Administrative Fee, Costs, Penalties | $87.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$1,351.29** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding

attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 3.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Name: Anthony S. Heath

Address: 8951 N Matindale
Detroit, MI 48204
SSN No:

Total debt due United States as of 7/3/97: $1,098.68

I certify that U.S. Department of Education records show that the debtor named above is indebted to the United States in the amount stated above, plus additional interest on the principal balance of $608.07 from 7/3/97 at the annual rate of 3%. Interest accrues on the principal amount of this debt at the rate of $0.05 per day.

The claim arose in connection with a Government insured or guaranteed loan made by a private lender assigned to the United States.

On 10/21/70 & 1/24/73 the debtor executed promissory notes(s) to secure loan(s) from Wayne State University under loan guaranty programs authorized under Title IV-E of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087 et.seq (34 C.F.R. part 674). The holder demanded payment according to the terms of the note(s) and on 11/1/77 the debtor defaulted on the obligation.

After application of the last voluntary payment of $0.00 which was received on N/A the debtor now owes the following:

| | |
|---|---|
| Principal: | $608.07 |
| Interest: | $403.61 |
| Administrative/Collection Costs: | $87.00 |
| Penalties: | $0.00 |

CERTIFICATION: Pursuant to 28 USC Section 1746, I certify under penalty of perjury that the foregoing is true and correct.

JUL 1 0 1997

Date

Loan Analyst
Litigation Branch

**WAYNE STATE UNIVERSITY**
Office of Scholarship and Financial Aids
222 SSB 2 • Detroit, Mich. 48202
313-577-3378

**PROMISSORY NOTE**
**NATIONAL DIRECT STUDENT LOAN PROGRAM**

620443

THE MAKER UNDERSTANDS AND AGREES, AND IT IS UNDERSTOOD BETWEEN THE PARTIES THAT:

I. ALL SUMS ADVANCED PURSUANT TO THIS NOTE ARE DRAWN FROM A FUND CREATED UNDER PART E OF TITLE IV OF THE HIGHER EDUCATION ACT OF 1965, AS AMEND HEREINAFTER CALLED THE ACT. SUCH TERMS OF THE NOTE AS ARE SUBJECT TO INTERPRETATION SHALL BE CONSTRUED IN THE LIGHT OF SUCH ACT AND FEDERAL REGULATI PERTAINING TO SUCH ACT, COPIES OF WHICH SHALL BE KEPT BY THE LENDING INSTITUTION.

II. REPAYMENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE OVER A PERIOD COMMENCING (EXCEPT WHEN PARAGRAPH III(3) IS APPLICABLE) 9 MON AFTER THE DATE ON WHICH THE MAKER CEASES TO CARRY, AT AN INSTITUTION OF HIGHER EDUCATION, OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPRO FOR THIS PURPOSE BY THE U.S. COMMISSIONER OF EDUCATION, HEREINAFTER CALLED THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FULL-TIME ACADEMIC WORKL AND ENDING 10 YEARS AND 9 MONTHS AFTER SUCH DATE. INTEREST OF 3 PER CENTUM PER ANNUM SHALL ACCRUE FROM THE BEGINNING OF SUCH REPAYMENT PERIOD. REI MENT OF PRINCIPAL, TOGETHER WITH INTEREST THEREON, SHALL BE MADE IN EQUAL (OR, IF THE MAKER SO REQUESTS, IN GRADUATED INSTALLMENTS DETERMINED IN ACC ANCE WITH SUCH SCHEDULES AS MAY BE APPROVED BY THE LENDING INSTITUTION AND THE COMMISSIONER) QUARTERLY, BIMONTHLY OR MONTHLY INSTALLMENTS (AS DE MINED BY THE LENDING INSTITUTION) IN ACCORDANCE WITH THE SCHEDULE WHICH IS ATTACHED TO AND MADE PART OF THIS NOTE.

III. THIS NOTE IS SUBJECT ALSO TO THE FOLLOWING CONDITIONS:

(1) THE MAKER MAY AT HIS OPTION AND WITHOUT PENALTY PREPAY ALL OR ANY PART OF THE PRINCIPAL, PLUS THE ACCRUED INTEREST THEREON, AT ANY TIME.

(2) IN THE EVENT OF A FAILURE TO MEET A SCHEDULED REPAYMENT OF ANY OF THE INSTALLMENTS DUE ON THIS NOTE, THE ENTIRE UNPAID INDEBTEDNESS INCLUC INTEREST DUE AND ACCRUED THEREON, SHALL, AT THE OPTION OF THE LENDING INSTITUTION, BECOME IMMEDIATELY DUE AND PAYABLE.

(3) INTEREST SHALL NOT ACCRUE, AND INSTALLMENTS NEED NOT BE PAID DURING ANY PERIOD (A) DURING WHICH THE MAKER IS CARRYING, AT AN INSTITUTIOI HIGHER EDUCATION OR AT A COMPARABLE INSTITUTION OUTSIDE THE STATES APPROVED FOR THIS PURPOSE BY THE COMMISSIONER, AT LEAST ONE-HALF THE NORMAL FI TIME ACADEMIC WORKLOAD OR (B) NOT IN EXCESS OF 3 YEARS DURING WHICH THE MAKER (I) IS ON FULL-TIME ACTIVE DUTY AS A MEMBER OF THE ARMED FORCES (ARMY, N/ AIR FORCE, MARINE CORPS, OR COAST GUARD) OF THE UNITED STATES, (II) IS IN SERVICE AS A VOLUNTEER UNDER THE PEACE CORPS ACT, OR (III) IS IN SERVICE AS A VOLUNT UNDER TITLE VIII OF THE ECONOMIC OPPORTUNITY ACT OF 1965 (VISTA). ANY SUCH PERIOD IN (A) OR (B) SHALL NOT BE INCLUDED IN DETERMINING THE 10-YEAR PERIOD DUF WHICH REPAYMENT MUST BE COMPLETED AS SPECIFIED IN PARAGRAPH II.

(4) IF THE MAKER UNDERTAKES SERVICE AFTER JUNE 30, 1972, (A) AS A FULL-TIME TEACHER IN A PUBLIC OR OTHER NONPROFIT PRIVATE ELEMENTARY OR SECOND. SCHOOL WHICH IS IN A SCHOOL DISTRICT OF A LOCAL EDUCATIONAL AGENCY WHICH IS ELIGIBLE IN SUCH YEAR FOR ASSISTANCE PURSUANT TO TITLE I OF THE ELEMENTARY . SECONDARY EDUCATION ACT OF 1965 AND WHICH FOR THE PURPOSES OF THIS CLAUSE AND FOR THAT YEAR HAS BEEN DESIGNATED BY THE COMMISSIONER IN ACCORDANCE V THE PROVISIONS OF SECTION 465(A) (2) OF THE ACT AS A SCHOOL WITH A HIGH ENROLLMENT OF STUDENTS FROM LOW-INCOME FAMILIES, OR (B) AS A FULL-TIME TEACHEI HANDICAPPED CHILDREN (INCLUDING MENTALLY RETARDED, HARD OF HEARING, DEAF, SPEECH IMPAIRED, VISUALLY HANDICAPPED, SERIOUSLY EMOTIONALLY DISTURBED OTHER HEALTH-IMPAIRED CHILDREN WHO BY REASON THEREOF REQUIRE SPECIAL EDUCATION) IN A PUBLIC OR OTHER NONPROFIT ELEMENTARY OR SECONDARY SCHOOL SYS' FOR EACH COMPLETE YEAR OF SUCH SERVICE THE AMOUNT OF THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE L PLUS INTEREST THEREON FOR THE FIRST AND SECOND YEAR OF SUCH SERVICE, 20 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE TH AND FOURTH YEAR OF SUCH SERVICE, AND 30 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT PLUS INTEREST THEREON FOR THE FIFTH YEAR OF SUCH SERVICE

(5) IF, AFTER JUNE 30, 1972, THE MAKER UNDERTAKES SERVICE AS A FULL-TIME STAFF MEMBER IN A PRESCHOOL PROGRAM CARRIED ON UNDER SECTION 222(A) (1) OF ECONOMIC OPPORTUNITY ACT OF 1964 (HEAD START) WHICH IS OPERATED FOR A PERIOD WHICH IS COMPARABLE TO A FULL SCHOOL YEAR IN THE LOCALITY, AND PROVI THAT THE SALARY OF SUCH STAFF MEMBER IS NOT MORE THAN THE SALARY OF A COMPARABLE EMPLOYEE OF THE LOCAL EDUCATIONAL AGENCY, THE PRINCIPAL AMOUN' THIS NOTE SHALL BE REDUCED AT THE RATE OF 15 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN PLUS INTEREST THEREON FOR EACH COMPLETE YEAR OF S SERVICE.

(6) IF, AFTER JUNE 30, 1972, THE MAKER SERVES AS A MEMBER OF THE ARMED FORCES OF THE UNITED STATES, UP TO 50 PER CENTUM OF THE PRINCIPAL AMOUN THIS LOAN SHALL BE REDUCED AT THE RATE OF 12-1/2 PER CENTUM OF THE TOTAL PRINCIPAL AMOUNT OF THE LOAN, PLUS INTEREST THEREON, FOR EACH COMPLETE YEAI SERVICE IN AN AREA OF HOSTILITIES THAT QUALIFIES FOR SPECIAL PAY UNDER SECTION 310 OF TITLE 37, UNITED STATES CODE.

(7) THE MAKER IS RESPONSIBLE FOR INFORMING THE LENDING INSTITUTION OF ANY CHANGE OR CHANGES IN HIS ADDRESS.

(8) NOTWITHSTANDING THE REPAYMENT SCHEDULE OTHERWISE CALCULABLE TO PART II, THE MAKER SHALL REPAY THE TOTAL PRINCIPAL AMOUNT OF THIS LOAI THE RATE OF NOT LESS THAN $30 PER MONTH. IN THE EVENT THE MAKER RECEIVES OR HAS RECEIVED OTHER NATIONAL DIRECT STUDENT LOANS FROM OTHER FUNDS AU RIZED BY THE ACT AT ONE OR MORE OTHER LENDING INSTITUTIONS, HE/SHE SHALL REPAY THIS NOTE AT A MONTHLY RATE EQUAL TO NOT LESS THAN THE AMOUNT BY W $30 EXCEEDS THE TOTAL MONTHLY RATE OF PRINCIPAL REPAYMENT ON ALL SUCH OTHER LOANS.

(9) IF THE MAKER FAILS TO MAKE TIMELY PAYMENT OF ALL OR ANY PART OF A SCHEDULED INSTALLMENT, OR IF THE MAKER IS ELIGIBLE FOR DEFERMENT OR CAN LATION OF PAYMENT (PURSUANT TO PART III(3), (4), (5), OR (6)), BUT FAILS TO SUBMIT TIMELY AND SATISFACTORY EVIDENCE THEREOF, THE MAKER PROMISES TO PAY CHARGE ASSESSED AGAINST HIM BY THE LENDING INSTITUTION. NO CHARGE MAY EXCEED (1) WHERE THE LOAN IS REPAYABLE IN MONTHLY INSTALLMENTS, $1 FOR THE FI MONTH OR PART OF A MONTH BY WHICH SUCH INSTALLMENT OR EVIDENCE IS LATE, AND $2 FOR EACH MONTH OR PART OF A MONTH THEREAFTER; OR (2) IN THE CASE OF A L WHICH IS REPAYABLE IN BIMONTHLY OR QUARTERLY INSTALLMENTS, $3 AND $6, RESPECTIVELY, FOR EACH INSTALLMENT INTERVAL OR PART THEREOF BY WHICH SUCH INST/ MENT OR EVIDENCE IS LATE. IF THE LENDING INSTITUTION ELECTS TO ADD THE ASSESSED CHARGE TO THE OUTSTANDING PRINCIPAL OF THE LOAN, IT SHALL SO INFORM MAKER PRIOR TO THE DUE DATE OF THE NEXT INSTALLMENT.

IV. THIS NOTE SHALL NOT BE ASSIGNED BY THE LENDING INSTITUTION EXCEPT, UPON TRANSFER OF THE MAKER TO ANOTHER INSTITUTION PARTICIPATING IN THIS PROG (OR, IF NOT SO PARTICIPATING, IS ELIGIBLE TO DO SO AND IS APPROVED BY THE COMMISSIONER FOR SUCH PURPOSE), TO SUCH INSTITUTION; PROVIDED THAT ASSIGNMENT BE MADE TO (A) INSTITUTIONS OTHER THAN THOSE TO WHICH THE MAKER HAS TRANSFERRED OR TO THE UNITED STATES WHERE THE LENDING INSTITUTION CEASES TO FUNC AS AN EDUCATIONAL INSTITUTION AND (B) TO THE UNITED STATES IF THIS NOTE HAS BEEN IN DEFAULT FOR TWO YEARS. THE PROVISIONS OF THIS NOTE THAT RELATE TO LENDING INSTITUTION SHALL WHERE APPROPRIATE RELATE TO AN ASSIGNEE.

V. THE MAKER HEREBY CERTIFIES THAT HE HAS LISTED BELOW ALL OF THE NATIONAL DIRECT STUDENT LOANS (OR NATIONAL DEFENSE STUDENT LOANS) HE HAS OBTAI AT OTHER INSTITUTIONS.

## SCHEDULE OF NATIONAL DIRECT STUDENT LOANS AND NATIONAL DEFENSE STUDENT LOANS AT OTHER INSTITUTIONS

| | AMOUNT | DATE | INSTITUTION | SIGNATURE OF MAKER |
|---|---|---|---|---|
| 1 | $ | | | |
| 2 | $ | | | |
| 3 | $ | | | |

I, Anthony S. Heath  410605  SS# _____ PROMISE TO PAY WAYNE STATE UNIVERSITY, DETROIT, MICHI

THE SUM OF $ 100.00 _____ ADVANCED FOR Winter _____ QUARTER 19 73 _____, TOGETHER WITH ALL ATTORNEY'S FEES OTHER COSTS AND CHARGES NECESSARY FOR THE COLLECTION OF ANY AMOUNT NOT PAID WHEN DUE.

SIGNATURE _Anthony S. Heath_____ DATE _1/29_, 19 _73_

PERMANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

CAVEAT — THIS NOTE SHALL BE EXECUTED WITHOUT SECURITY AND WITHOUT ENDORSEMENT, EXCEPT THAT IF THE MAKER IS A MINOR AND THIS NOTE WOULD NOT, UNDER LAW OF THE STATE IN WHICH THE LENDING INSTITUTION IS LOCATED, CREATE A BINDING OBLIGATION, EITHER SECURITY OR ENDORSEMENT MAY BE REQUIRED. THE LEN INSTITUTION SHALL SUPPLY A COPY OF THIS NOTE TO THE MAKER.

SIGNATURE OF ENDORSER _____ DATE _____, 19 _____

PERMANENT ADDRESS _____
(STREET OR BOX NUMBER, CITY, STATE, AND ZIP CODE)

FORM 10-456 7.5K

NDEA-II-4 (67 Rev.)

# NATIONAL DEFENSE STUDENT LOAN PROGRAM
## PROMISSORY NOTE

I, Anthony Heath 410605 _____, hereinafter called the maker, promise to pay to Wayne State University, hereinafter called the Institution, located at Detroit, Michigan, 48202, the sum of $ 651.00 , (AMOUNT OF LOAN) or so much thereof as may from time to time be advanced to me and endorsed hereon, together with all attorney's fees and other costs and charges necessary for the collection of any amount not paid when due according to the terms of this note.

### DISCLOSURE OF FINANCE CHARGES

The National Defense Student Loan(s) which you have received, together with an ANNUAL PERCENTAGE RATE of 3% on the unpaid balance, is payable in accordance with a repayment schedule to be executed at the time you terminate at least half-time study at the Institution. The FINANCE CHARGE begins to accrue at the termination of any grace or other deferment period.

The AMOUNT FINANCED (or the total of all loans due) is repayable in accordance with the provisions of this note and the repayment schedule to be attached thereto; and this is subject to provisions relating to DELINQUENCY AND DEFAULT CHARGES specified below.

The maker may, at his option, and without penalty, prepay all or any part of the principal plus the accrued interest at any time.

October 22, 1970
DATE

SIGNATURE OF LENDER

**The maker further understands and agrees, and it is understood between the parties that:**

I. Repayment of principal, together with interest thereon, shall be made over a period, commencing (except when paragraph III (2) applies), nine months after the date on which the maker ceases to carry, at an institution of higher education (as defined in the National Defense Education Act of 1958 as amended and Regulations pertaining thereto; or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the full-time academic workload as determined by the institution granting the loan, and ending ten years and nine months after such date. Interest, at the rate of three per centum per annum, shall accrue from the beginning of such repayment period. Repayment of principal, together with interest thereon, shall be made in equal (or if the maker so requests, in graduated installments determined in accordance with such schedules as may be approved by the above-named institution and the Commissioner) quarterly installments in accordance with the schedule which is attached to and made part of this note.

II. All sums advanced pursuant to this note are drawn from a fund created under the National Defense Education Act of 1958 as amended. Such terms of this note as are subject to interpretation shall be construed in the light of Federal Regulations pertaining to such Act, a copy of which shall be kept by the institution.

III. This note is subject also to the following conditions:

(1) Interest shall not accrue on the loan, and installments need not be paid during any period (A) during which the maker is carrying, at an institution of higher education or at a comparable institution outside the States approved for this purpose by the Commissioner, at least one-half the normal full-time academic workload as determined by the institution, (B) not in excess of three years during which the maker is a member of the Armed Forces of the United States, (C) not in excess of three years during which the maker is in service as a volunteer under the Peace Corps Act or (D) not in excess of three years during which the maker serves as a volunteer under Section 603 of the Economic Opportunity Act of 1964; any such period in (A), (B), (C) or (D) shall not be included in determining the ten-year period during which repayment must be completed.

(2) If the maker undertakes service as a full-time teacher in a public or other nonprofit elementary or secondary school or institution of higher education in a State, or in an elementary or secondary school overseas of the Armed Forces of the United States, the amount of this note shall be reduced at the rate of ten per centum of the total amount of the loan plus interest thereon for each complete academic year or its equivalent (as determined under the regulations of the Commissioner) of such service, up to a maximum of 50 per centum of the principal plus interest thereon.

(3) If, commencing with the academic year 1966-67, the maker undertakes service as a full-time teacher in a public or other nonprofit elementary or secondary school which is in the school district of a local educational agency which is eligible in such year for assistance pursuant to Title II of Public Law 81-874, as amended, and which, for purposes of this clause, for that year has been determined by the Commissioner, to be a school in which there is a high concentration of students from low-income families, the amount of this note shall be reduced at the rate of 15 per centum of the total amount of the loan plus interest thereon for each academic year or its equivalent (as determined under regulations of the Commissioner) of such service.

(4) If, commencing with the academic year 1967-68, the maker undertakes service as a full-time teacher of handicapped children (including mentally retarded, hard of hearing, deaf, speech impaired, visually handicapped, seriously emotionally disturbed or other health impaired children who by reason thereof require special education) in a public or other nonprofit elementary or secondary school system, the amount of this note shall be reduced at the rate of 15 per centum of the total amount of the loan plus interest thereon for each complete academic year or its equivalent (as determined under regulations of the Commissioner) of such service.

(5) In the event of the maker's death or total and permanent disability the unpaid indebtedness hereunder shall be cancelled.

(6) The maker is responsible for informing the institution to which he is indebted under this note of any change or changes in his address.

(7) If the maker is DELINQUENT in making payment of all or any part of an installment, of if the maker is eligible for deferral or cancellation of payment (pursuant to paragraph III (2), (3), or (4) herein) but fails to submit timely and satisfactory evidence thereof, the maker promises to pay the charge assessed against him by the institution. No charge may exceed $3 for each quarter or part thereof in which the installment or evidence is late, and $6 for each quarter or part thereof thereafter. If the institution elects to add the charge to the outstanding principal of the loan, it shall so inform the maker prior to the due date of the next installment.

(8) Notwithstanding the repayment schedule otherwise calculable pursuant to paragraph 1, the maker shall repay the principal of this loan at the rate of not less than $45 per quarter.

(9) In the event of a DEFAULT in the payment of any of the quarterly installments due on this note, the entire unpaid indebtedness, including interest due and accrued thereon, shall, at the option of the institution, become immediately due and payable.

**TO BE COMPLETED BY STUDENT BORROWER:**

IV. This maker hereby certifies that he has received no other National Defense Student Loans except as indicated in the Schedule of Previous National Defense Student Loans below. The maker also acknowledges, by his signature, receipt of an exact copy of the DISCLOSURE STATEMENT on the reverse side.

SCHEDULE OF PREVIOUS NATIONAL DEFENSE STUDENT LOANS
AT INSTITUTIONS OTHER THAN WAYNE STATE UNIVERSITY

| Amount | Date | Institution | Signature of Maker |
|---|---|---|---|
| $ | | | |
| | | | |
| | | | |
| | | | |

Birth Date _____ Date Signed _10-21-90_ Signature _Anthony S. Heath_ Student

Address _5905 Colfax Det. Mich. 48210_ Phone _3615303_
          Number and Street    City   State   Zip Code

Names and addresses of two individuals who will always know your whereabouts. These persons must be residing at two different addresses and neither address may be the same as yours.

1. Name _Thomas W. Heath_ Relationship _Father_
   Address _1617 E. Johnson Phila. PA._
            Number and Street   City   State   Zip Code

2. Name _Nathilia Brooks_ Relationship _Sister_
   Address _15383 Quincy Det. Mich._
            Number and Street   City   State   Zip Code

**IF THE MAKER OF THIS NOTE IS A MINOR, THE CO-SIGNATURE OF HIS OR HER GUARDIAN IS REQUIRED.**

I understand that my signature on this note obligates me, in the event of maker's default, for all sums loaned to the maker (not to exceed the face amount of his note), and that my obligation continues until these sums are fully paid. However, if the maker becomes twenty-one (21) years-of-age during the academic year for which this loan is made, my obligation only extends to those sums loaned to the maker before he becomes twenty-one.

Phone Number _____ Date _____ Signed _____
                                          Guardian

Address _____
         Number and Street    City    State    Zip Code

Caveat — This note shall be executed without security and without endorsement, except that, if the maker is a minor and this note would not, under State law, create a binding obligation, either security or endorsement may be required. The payee shall supply a copy of this note to the maker.

**FOR UNIVERSITY USE ONLY:**

SCHEDULE OF ADVANCES

| Amount | Check Number | Signature | Date Released |
|---|---|---|---|
| $217.00 | F403183 | Anthony S. Heath | 10-21-? |
| 217.00 | F42509? | Anthony S. Heath | 1-22-? |
| 217.00 | F446018 | Anthony S. Heath | APR 16 1971 |

```
HEATH*ANTHONY STEPHEN*
LOAN NO: 8605008749  12-05-86
SSN
              TD   1
```

Left margin (printed vertically): PLEASE PRINT NAME _Heath Anthony Stephens_ Last First Middle Maiden   STUDENT I.D. NO. _A106205_   Social Security Number

Form 496-2M-4/70