UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                                          Case No. 11-13040

v.

                                          Hon. John Corbett O'Meara

ANTHONY S. HEATH,

    Defendant.
_____/

**ORDER DENYING MOTION
TO SET ASIDE DEFAULT JUDGMENT**

Plaintiff filed its complaint in this student loan default case on July 14, 2011. Defendant Anthony Heath was served on July 21, 2011, and his answer was due on August 11, 2011. After Heath did not respond to the complaint, Plaintiff requested a clerk's entry of default and default judgment on September 26, 2011. The clerk of the court entered the default and default judgment on September 27, 2011.

On September 29, 2011, Heath submitted a response to the default, which the court will construe as a motion to set aside the default judgment. Plaintiff filed a response on October 11, 2011.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default, and if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." When a defendant seeks relief from an entry of default, the court considers three equitable factors to determine if "good cause" has been shown: "(1) whether culpable conduct of the defendant led to the default, (2) whether the

-1-

defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." Burrell v. Henderson, 434 F.3d 826, 831 (6th Cir. 2006) (citing Waifersong, Ltd., Inc. v. Classic Music Vending, 976 F.2d 290, 292 (6th Cir. 1992) and United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 843 (6th Cir. 1983)).  "When relief is sought under Rule 60(b)(1), the culpability element of the *United Coin Meter* factors is framed in terms of 'mistake, inadvertence, surprise, or excusable neglect.' The [moving party] must therefore prove that the default was due to one or more of these factors before it is permitted to demonstrate that it can satisfy the remaining two *United Coin Meter* factors – a meritorious defense and the lack of prejudice to the plaintiff." Id. (citations omitted).

Here, Heath has not explained why he failed to timely respond to the complaint, let alone demonstrated "mistake, inadvertence, surprise or excusable neglect."  Further, although he claims to have paid his student loan debt, he has not provided evidence to rebut the certificate of indebtedness provided by the United States Department of Education.[1]  Accordingly, Heath has not satisfied his burden of demonstrating the default judgment should be set aside.

THEREFORE, IT IS HEREBY ORDERED that Defendant's September 29, 2011 motion to set aside the default judgment is DENIED.

s/John Corbett O'Meara
United States District Judge

Date:  October 20, 2011

---

[1] The court understands Heath's apparent frustration with Plaintiff's attempt to collect a debt that is forty years old.  However, Congress amended the Higher Education Act of 1965 in 1991 to eliminate the statute of limitations on student loan debt collection actions.  See 20 U.S.C. § 1091a(a).

      I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 20, 2011, using the ECF system and/or ordinary mail.

                                      <u>s/William Barkholz</u>
                                      Case Manager