UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

ANTHONY S. HEATH,

Defendant.

Case No. 11-13040

Hon. John Corbett O'Meara
Mag. Judge Laurie J. Michelson

______________________________________/

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S OBJECTION TO GARNISHMENT [17] AND REQUEST FOR DISMISSAL [20]**

This is a student loan case in which the United States ("Plaintiff" or "Government") obtained a default judgment on September 27, 2011 in the amount of $1,705.04 plus post-judgment interest against Defendant Anthony Heath ("Defendant" or "Heath") after he failed to answer or appear in this action. (Dkt. 7.) When the Government sought to collect on the judgment by directing a Writ of Garnishment to the Michigan Department of Treasury (Dkt. 16), Heath, acting *pro se*, filed a letter that appears to be an objection to the writ. (Dkt. 17.) Defendant also filed a "Request for Dismissal" in which he contends that he paid the student loans at issue. (Dkt. 20.) The matter was referred to this Court for the hearing. (Dkt. 21.) The Government filed Responses to Heath's objections (Dkts. 18, 22) and the Court held a hearing on December 11, 2012.

For the reasons set forth below and on the record at the hearing, the Court RECOMMENDS that Defendant's "objections" (which include the "request for dismissal") be DENIED.

## I. BACKGROUND

As District Judge John Corbett O'Meara summarized and explained in an opinion and order denying Heath's prior motion to set aside the default judgment:

> Plaintiff filed its complaint in this student loan default case on July 14, 2011. Defendant Anthony Heath was served on July 21, 2011, and his answer was due on August 11, 2011. After Heath did not respond to the complaint, Plaintiff requested a clerk's entry of default and default judgment on September 26, 2011. The clerk of the court entered the default and default judgment on September 27, 2011. On September 29, 2011, Heath submitted a response to the default, which the court will construe as a motion to set aside the default judgment.
>
> * * *
>
> Here, Heath has not explained why he failed to timely respond to the complaint, let alone demonstrated "mistake, inadvertence, surprise or excusable neglect." Further, although he claims to have paid his student loan debt, he has not provided evidence to rebut the certificate of indebtedness provided by the United States Department of Education. Accordingly, Heath has not satisfied his burden of demonstrating the default judgment should be set aside.

(Dkt. 12 at 1-2.) The Court also noted that it "[understood] Heath's apparent frustration with Plaintiff's attempt to collect a debt that is forty years old," but explained that "Congress amended the Higher Education Act of 1965 in 1991 to eliminate the statute of limitations on student loan debt collection actions. See 20 U.S.C. § 1091a(a)." (*Id*. at 2, n.1)

Mr. Heath's frustration continues. On September 21, 2012, Plaintiff obtained a Writ of Garnishment directed to the Michigan Department of Treasury. (Dkt. 16.) On October 9, 2012 Defendant filed a one-paragraph response in which he contends that he does not have any tax liability and is unaware of any debt owed to the Treasury Department. (Dkt. 17.) Defendant misunderstood the purpose of the writ of garnishment. It has nothing to do with a tax liability, but rather is an effort to garnish any state income tax refund due Defendant in order to satisfy the judgment obtained in this case. Indeed, the Government filed a response explaining that "[t]he Writ of Garnishment does not state that Defendant owes any debt to the Michigan Department of Treasury. Rather, the Clerk's Notice of Garnishment specifically informs Defendant that the

garnishment is being taken in connection with the judgment entered against him in this proceeding . . . ." (Dkt. 18.) After receiving this explanation, Defendant filed a "Request for Dismissal" in which he states, with no documentary or other evidentiary support, "I owe nothing and I paid in full the debt to Wayne State University." (Dkt. 20.) In response, the government attached Department of Education records indicating that Defendant called the Department on November 1, 1990 and January 18, 1992, complaining that he was unable to get additional loans due to this outstanding debt, but refusing to enter into payment arrangements. (Dkt. 22, Ex. A.) At the hearing, Defendant disputed the calls ever occurred. Counsel for the government explained that they try to take very accurate notes of these calls and take seriously claims by debtors that the loans have been paid. Here, however, they believe the debt remains owing.

## II. ANALYSIS

"A court may issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). A judgment debtor who claims exemption from a writ of garnishment bears the burden of proving that he is entitled to the exemption. 28 U.S.C. § 3014(b)(2); *U.S. v. Sawaf*, 74 F.3d 119, 122 (6th Cir. 1996).

Defendant does not claim a garnishment exemption. Instead, he seeks to assert a defense to the Plaintiff's underlying claim, i.e., that the student loans at issue have been repaid. *See* (Pl.'s Resp. at 4 ("In essence, Defendant's Request for Dismissal is yet another attempt to have the Default Judgment set aside.").) But Judge O'Meara previously denied Defendant's request to set aside the default judgment on this basis. (Dkt. 12.) And, as before, Defendant has failed to provide any

evidence that the debt was paid and the Government has presented evidence to the contrary. Thus, Judge O'Meara's prior decision controls: Defendant's renewed request to set aside the default judgment should be denied pursuant to the law of the case doctrine. *See United States v. Todd*, 920 F.2d 399, 403 (6th Cir. 1990) (explaining that this doctrine provides that "a decision on an issue made by a court at one stage of a case should be given effect in successive steps of the same litigation"); *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994) ("Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation.").[1]

## III. CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons set forth in Judge O'Meara's prior ruling, this Court recommends that Defendant's objection to the Writ of Garnishment directed to the Michigan Department of Treasury, styled a "request for dismissal," be DENIED.

## IV. FILING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*,

---

[1] The Court recognizes that this doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment. *Todd*, 920 F.2d at 403 (citing *Christianson v. Colt Indust. Operating Corp.*, 486 U.S. 800, 817 (1988) ("The law-of-the-case doctrine 'merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.' . . . A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances. . . .")). As mentioned, the Court does not find any extraordinary circumstances. Defendant does not provide any new arguments or evidence. Moreover, this case does involve a final judgment which Judge O'Meara declined to set aside and which Defendant never appealed.

474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this magistrate judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. E.D. Mich. LR 72.1(d)(3), (4).

/s Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES MAGISTRATE JUDGE

Dated: December 12, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 12, 2012.

s/Jane Johnson
Deputy Clerk